People v Bruno (2021 NY Slip Op 01150)





People v Bruno


2021 NY Slip Op 01150


Decided on February 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 23, 2021

Before: Kapnick, J.P., Webber, Mazzarelli, Oing, JJ. 


Ind No. 1473/17 Appeal No. 13187 Case No. 2018-2390 

[*1]The People of the State of New York, Respondent,
v
Steven Bruno, Also Known as Justin Bruno, Defendant-Appellant.


Stephen Chu, Interim Attorney-in-Charge, Office of the Appellate Defender, New York (Rosemary Herbert of counsel), for appellant.



Appeal from judgment, New York County (Gregory Carro, J. at plea; Laura A. Ward, J. at sentencing), rendered May 24, 2017, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him to a term of two years, held in abeyance, the motion by assigned counsel to be relieved denied without prejudice to renewal, and counsel directed to attempt to communicate with defendant forthwith concerning any issues that may be raised concerning his failure to be apprised that he might be deported as a consequence of his guilty plea to a felony and the possible consequences of pursuing an appeal raising such issues, and advising defendant that he has 60 days from the date of this order to file a pro se supplemental brief if he so chooses.
Assigned counsel has not sufficiently established that defendant has been made aware of any potential issues under People v Peque (22 NY3d 168 [2013], cert denied 574 US 840 [2014]), that he has made an informed decision not to raise any such issues, and that he has been informed that he has a right to raise such issues in a pro se brief if he so chooses.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 23, 2021